*June, 1840.*

*Jewett and another*
*v.*
*The Albany City Bank and another.*

---

JEWETT and another *vs.*
THE ALBANY CITY BANK and another.

Verbal stipulations made by counsel in open court, upon the argu-
ment of a cause, will be enforced by the court, and though such
stipulations refer to process in another court, which has, however,
been brought within the jurisdiction of this court, they will be en-
forced, and the parties held bound by them, and an order will be
made to restrain the parties from violating such stipulations, even
by the issuing of process in another court.

*H. R. Selden*, for complainants.

*H. H. Martin*, for Albany City Bank.

THE VICE CHANCELLOR. A bill was filed in this cause before the late Vice Chancellor of the eighth circuit, to restrain the defendants, the Albany City Bank, from proceeding at law in the Supreme Court, on a suit then pending in that court in favor of the Albany City Bank, against the complainants and the defendant Gustavus Clark. Upon filing the bill an injunction was allowed restraining the bank from proceeding at law according to the prayer of the bill. After the answer of the bank came in, a motion was made by the bank upon the bill and answer for the dissolution of the injunction, which motion was granted by the late Vice Chancellor of the eighth circuit, on the 2d day of January, 1839.

The complainants appealed from this order to the Chancellor, but no proceeding was had upon this appeal. Subsequently an order to produce witnesses was entered; witnesses were examined and proofs taken, and an order to close proofs was entered early in Sept. 1839. The City Bank applied to this court for an order to open the proofs, which application was, by common consent, placed upon the same footing as if it had been an application to extend the time for taking proofs. This court, on the 10th Sept. 1839, denied this motion. From this order the bank appealed to the Chancellor. After the granting of this order, the complainants applied to the Vice Chancellor to revive the original injunction, notwithstanding the dissolution thereereof, and the pendency of the appeal thereon, which application was founded upon the proofs taken during the examination. This applica-

tion was denied by the Vice Chancellor, by an order made September 12, 1839.

Upon the argument before the Chancellor of the appeal from the order of the 10th, Sept. 1839, it appeared that the Chancellor was a stockholder in the Albany City Bank, one of the parties defendant, and on that account he at first declined to hear the argument, but subsequently made a *pro forma* order reversing the order of this court, of 10th, Sept. 1839, and permitted the defendants, to take further proofs in the cause.

Under this order of the Chancellor, the Bank went on and took further proofs, the complainants declining to attend the examination, and manifesting their intention of treating this order of the Chancellor as a nullity, by reason of his interest in the stock of the City Bank. The defendants in the suit at law gave a confession of judgment to the bank on the suit instituted by them, but taking a stipulation from the attorneys of the bank, that all the rights and equities of the complainants' in this court should be reserved to the same extent as if the judgment at law had been obtained by due legal proceedings.

This confession was given January 6, 1840, and stay of execution was granted until the 1st Monday of May, thereafter. The cause in this court was noticed for hearing at February term last, and at the same time a motion was made by the complainants to suppress the depositions and proofs taken under the order of the Chancellor, extending the time to take proofs. This motion was first argued, and on the argument it was verbally agreed, in the presence of the court, by the counsel for the Albany City Bank, that the plaintiffs at law should not issue any

June, 1840.

Jewett and
another
v.
The Albany
City Bank
and another.

execution upon their judgment at law, until a reasonable time after the proofs were finally closed in this court, to enable this cause to be brought to a hearing here,    This court granted the motion to suppress the depositions and proofs referred to in the notice of motion, and made an order on the 13th day of April, 1840, for their suppression.   From this order the Albany City Bank, appealed to the Chancellor, which appeal is still pending and undetermined, and the Chancellor here granted an order staying the hearing in this cause, before this court, until the final determination of such appeal, unless the complainants waive their objections to the use of the depositions and proofs ordered by this court to be suppressed.

This cause has not yet been argued upon pleadings and proofs, and the complainants have withdrawn their appeal from the order dissolving the injunction, by reason of the interest of the Chancellor in the stock of the bank.   The complainants now present a petition for an injunction or an order restraining the bank from further proceedings at law, and upon the hearing of that petition, papers are read on both sides.   The petition is addressed to the Vice Chancellor acting as Chancellor.

The complainants, on the argument of this motion, insisted that the case should be viewed as if no order for the dissolution of the injunction had ever been made by this court, or, in other words, that the motion should be decided upon the merits as they appear from all the papers in the cause, irrespective of the previous dissolution of the injunction and the order of 12th Sept. 1839, denying a new injunction. This view of the case cannot be sustained.   If the

appeal from the order dissolving the injunction has
been withdrawn or abandoned, the consequence
clearly is, that such order now remains in full force,
and is to be regarded as a decided question.    Upon
this motion I cannot hear the propriety of that order
questioned.

June, 1840.

Jewett and
another
v.
The Albany
City Bank
and another.

The same is true in relation to the order denying
the injunction while the appeal was pending.    That
order must here be deemed proper and correct, par-
ticularly as its propriety has not been questioned by
an appeal or any preparation for an appeal, while
it was still unknown to the complainants that the
Chancellor was interested.    There are cases, doubt-
less, where an order may properly be made, virtually
reviving the injunction, (though dissolved by the
court,) pending an appeal from the order to dissolve.
But these cases, as all other of like character, are
addressed to the discretion of the court.    When the
order of the 12th Sept. denying the injunction was
made, it was done with the knowledge that the suit
at law was at issue and to be tried in Albany county,
with the knowledge that the proofs in the cause in
this court had been closed, and that the complain-
ants in this court could, by ordinary diligence, obtain
a hearing and decision in this court before judgment
could be obtained on the suit at law. Hence an injunc-
tion was unnecessary.    Subsequent circumstances
may render an injuntion now proper, but in deciding
upon it, I can only take into consideration facts and
circumstances which have arisen since the 12th Sept.
1839.    Since that time, the order to close proofs
has been opened by the Chancellor on appeal.    The
proofs taken under this order have been suppressed
and the order for suppression has been appealed,

from which appeal is now pending. It is apparent that the litigation in this court has taken such a course, that it must be considerably protracted. The bank have, also, perfected their judgment at law, and have this additional security for the amount which may be found justly due to them.

Upon the argument before me in February last, and after the judgment was perfected, it was verbally agreed by the counsel for the bank, in the presence of the court, and the counsel for the complainants, that no execution should issue upon the judgment at law, until the proofs in the cause in this court were finally closed, and a reasonable time after allowed to bring this cause to a hearing. About the fact of such stipulation or agreement, I have no doubt. I have a distinct and clear recollection of it, and I must suffer that knowledge and recollection to control my decision, even though inferences from other facts may conflict with such recollection, and even though affidavits of others may be presented, containing a different version of the facts. The questions presented upon that motion, were of too novel and interesting a character to permit me to doubt for one moment of the accuracy of my own recollection as to circumstances which transpired upon the argument. The counsel on both sides were each of them tenacious and confident as to the correctness of their respective views of the case. The question was as to the constitutional and legal jurisdiction of the Chancellor. It was a delicate, novel, and important question. It was apparent from the confidence of the counsel, that no decision which could be made by me, would be acquiesced in by the defeated party. Indeed, it was distinctly understood that whichever

way the decision might be, it would be appealed from. After the close of the argument, the counsel for the bank volunteered to say that if the decision was in favor of the bank, no execution would be issued upon the judgment until the final hearing of the cause in this court. The court then remarked to the counsel, that the individual holding the court, entertained strong feelings of personal friendship towards Gustavus Clark, one of the defendants in the judgment at law, and did not wish any stipulation made which should be at all calculated to bias the court in its decision; that to avoid such a complexion, the stipulation, if any were given, should be that the bank should not issue any execution, however the question then pending should be decided, until proofs were finally closed in this cause, and a reasonable time given for bringing it to a hearing. To the agreement in this shape, the counsel for the bank consented. The counsel for the complainants also consented, if no execution should be issued, that in the event of the depositions' being suppressed, he would not bring the cause to a hearing, until it was ultimately settled what proofs were to be admitted on the hearing. This arrangement was made in open court by the counsel for the respective parties; and upon being applied to for a certificate of probable cause, on an appeal from the order afterwards made, this court refused to give such certificate, unless the substance of the stipulation thus made, was embodied in it.

Such stipulations thus made before the court, must be deemed to be binding upon the parties and their counsel; and it is the duty of the court, if application is made for that purpose, to see that such stipula-

*June, 1840.*

*Jewett and another v. The Albany City Bank and another.*

June, 1840. tions are not violated. It is in vain to say, as has been urged by the defendants, that such stipulation, if any was made, relates to a cause in the Supreme Court, and that application must be made to that court and not to this, to enforce its conditions. A moment's reflection will satisfy any one that this position is unsound. The subject matter of the suit in this court, was a contract then in the course of prosecution in the Supreme Court, to restrain the prosecution of that suit, and the collection of the debt for which such suit was instituted. That suit ripened into judgment. It was still the subject matter, and the sole subject matter, of controversy in this court. A stipulation is made in relation to that subject matter in this court, in the due course of proceedings in this court; and it seems to me very clear that this court has power to see that it is not violated. This is the proper tribunal to apply to, for it was before this tribunal that the agreement was made; and it being verbal, it is the only one that can know of it or take cognizance of it.

After such a stipulation it is inequitable that the bank should proceed to enforce the collection of their judgment at law, while they have tied up the hands of the complainants from proceeding in this court. The bank have a judgment perfected, which gives them additional security for the payment of their demand. Also, upon allowing an order restraining their farther proceedings, the complainants must give personal security for the payment of the debt; so that the only injury the bank can suffer, is delay in the receipt of their money, if it should be eventually determined that they were entitled to it.

The complainants, upon filing a satisfactory bond

*Jewett and another v. The Albany City Bank and another.*

with two sureties, in the penalty of $20,000, with
the condition presented by law, in cases of injunction
after judgment, may have an order restraining the
Albany City Bank from farther proceedings to col-
lect the judgment mentioned in the petition in this
cause, until the farther order of this court.